IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :
              v.              :  No. 4:CR-04-120
                              :
JAMES MABRY                   :  (Judge Muir)

ORDER

May 15, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The background of this case is set forth in prior orders of court and we will not repeat that background other than as needed to address Jame Mabry's motion to vacate, set aside, or correct sentence filed on May 11, 2006, prusuant to 28 U.S.C. § 2255.

On March 25, 2004, a four count indictment was returned by a federal grand jury charging Mabry with possessing with intent to distribute and distributing controlled substances (Counts 1, 2 and 3) and possessing a firearm in furtherance of a drug trafficking crime (Count 4).  On November 18, 2004, a superseding indictment consisting of six counts was filed charging Mabry with possessing with intent to distribute and distributing controlled substances (Counts 1, 2, 3, and 4), possessing a firearm in furtherance of a drug trafficking crime (Count 5) and possessing a firearm after having been convicted of at least three crimes punishable by imprisonment for a term exceeding one year and constituting violent felonies or serious drug offenses (Count 6).

The case was on the May, 2005, trial list and a jury was selected on May 3, 2005, However, after jury selection Mabry entered a plea of guilty to Count 3 of the superseding indictment and the Probation Office was directed to prepare a presentence report. The maximum penalty for that offense was 40 years imprisonment and a $2,000,000.00 fine.  In committing the offense, Mr. Mabry supplied quantities of crack cocaine to a confidential informant.  In pleading guilty Mr. Mabry accepted responsibility for the distribution of at least 5 grams of crack cocaine but less than 20 grams of crack cocaine.

Also, as part of the plea agreement Mabry waived his right "to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other ground, constitutional or non-constitutional, including the manner in which the sentence was determined[.]" Mabry further waived his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

A presentence report and addendum thereto were prepared and submitted to the court on September 21, 2005.  Probation Officer Drew Thompson determined that the total offense level is 32, the criminal history category is VI and the guideline imprisonment range is 210 to 262 months.

A presentence conference was held on September 27,

2

2005, attended by assistant United States attorney McCann and
defense counsel Farrell at which time it was agreed that counsel
would file briefs addressing (1) the objections asserted by Mabry
to the presentence report and (2) the 18 U.S.C. §3553 factors and
the court so ordered.  Mabry filed a brief on October 28, 2005.
After being granted an extension of time, the Government filed a
brief on December 14, 2005.  A reply brief was due on January 3,
2006, but Mabry elected not to file one.

The brief submitted by Mabry addressed his objections
to the presentence report and the section 3553 factors.  By order
of January 17, 2006, we overruled Mabry's objections to the
presentence report and noted that we would consider all of the
section 3553 factors at the time of sentencing.

The first objection to the presentence report was
Mabry's claim that he should not be designated a career offender.
Mabry was placed in criminal history category VI because he was
found by the probation officer to be a career offender.  Section
4B1.1 of the Sentencing Guidelines states in pertinent part as
follows:

> A defendant is a career offender if (1) the defendant
> was at least 18 years old at the time the defendant
> committed the instant offense of conviction; (2) the
> instant offense of conviction is a felony that is
> either a crime of violence or a controlled substance
> offense; and (3) the defendant has at least two prior
> felony convictions of either a crime of violence or
> a controlled substance offense.

Mabry asserted that the simple assault convictions set forth in
paragraphs 23 and 28 of the presentence report which triggered
the application of the Career Offender provision should not have

3

done so because while they were crimes of violence they were
misdemeanors and not felonies. This objection was meritless
because U.S.S.G. § 4B1.2, Application Note 1, defines a prior
felony conviction as "a prior adult federal or state conviction
for an offense punishable by death or imprisonment for a term
exceeding one year, regardless of whether such offense is
specifically designated a felony and regardless of the actual
sentence imposed."  The simple assault convictions each caried a
maximum penalty of 2 years.  Consequently, those convictions were
felony convictions as defined by the Guidelines and required
application of the Career Offender provision.

Mabry next contended that the six convictions set forth
in paragraphs 22 through 27 should have been considered related
for purposes of calculating his criminal history category. He
contended that those six related cases were consolidated by the
state court for disposition purposes and that he received a
combined sentence of 1 ½ to 3 years' imprisonment on all six.

Section 4A1.2(a)(2) of the Guidelines provides that
"[p]rior sentences imposed in unrelated cases are to be counted
separately."  The commentary to that section states that "[p]rior
sentences are not considered related if they were for offenses
that were separated by an intervening arrest . . . ."  Paragraph
22 of the presentence report revealed that Mabry was arrested on
January 22, 1990, for criminal conspiracy and attempted theft by
unlawful taking.  Paragraph 23 revealed that Mabry was arrested
for simple assault on February 25, 1990.  Paragraph 24 revealed

4

that Mabry was arrested on March 20, 1990, for attempted theft by unlawful taking.  Paragraph 25 revealed that Mabry was arrested on April 16, 1990, for burglary and attempted theft. Paragraph 26 revealed that Mabry was arrested on April 29, 1990, for criminal conspiracy, burglary and theft related offenses.  Paragraph 27 revealed that Mabry was arrested on August 5, 1990, for theft related offenses.  Because the offenses were all separated by intervening arrests under the Sentencing Guidelines they were not considered related offenses.

Although the six offenses occurred during a seven month period in 1990, they did not constitute a single series of acts culminating in an arrest.  Instead, Mabry was arrested for each offense and released to the community pending trial.  While in the community awaiting trial, Mabry engaged in new criminal conduct and was arrested again and again.  Consequently, Mabry's objection to the Probation Officer counting each as a separate offense was devoid of merit.

Furthermore, even assuming for purposes of argument that the convictions in paragraphs 22 through 27 should have been grouped together, Mabry was still qualified as a Career Offender and was automatically placed in criminal history category VI because  Mabry was convicted of simple assault on October 3, 1990 (paragraph 23) and on November 6, 2001 (paragraph 28).

To the extent that Mabry was arguing in his brief that we should depart downward from criminal history category VI because it substantially over-represented his prior criminal

history or the likelihood of recidivism we rejected that
argument.  Section 4A1.3(b) of the Sentencing Guidelines states
in pertinent part as follows:

> If reliable information indicates that the defendant's
> criminal history category substantially over-represents
> the seriousness of the defendant's criminal history or
> the likelihood that the defendant will commit other
> crimes, a downward departure may be warranted.

The Sentencing Guidelines specifically "authorize[] the
consideration of a departure from the guidelines in the limited
circumstances where reliable information indicates that the
criminal history category does not adequately reflect the
seriousness of the defendant's criminal history or likelihood of
recidivism[.]"  See Commentary to U.S.S.G. § 4A1.3; see also
United States vs. Sanders, 97 F.3d 856, 861 (6th Cir.
1996)(nothing in the sentencing guidelines prohibits departures
below the armed career criminal history Category VI).  Mabry as
noted had five theft related convictions and two convictions
involving violent felonies.  We could not conclude that criminal
history category VI substantially over-represented that record or
the likelihood of recidivism.  All of Mabry's objections were
overruled in our order of January 17, 2006, because they were
devoid of merit.

On March 3, 2006, Mabry was sentenced to a term of
imprisonment of 17 years and 6 months.  Mabry in the motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. §
2255 claims that defense counsel failed to file an appeal.  He

further contends that counsel should have raised the following
four issues on appeal:

> (1) he received an illegal 2-point upward adjustment
> in his offense level for possession of a firearm;
>
> (2) he should have received an additional 1-point
> downward  adjustment for acceptance of responsibility;
>
> (3) he should not have been designated a career
> offender; and
>
> (4) criminal history category VII substantially
> over-represented his prior criminal history.

The first two issues were not argued by Mabry prior to the
imposition of sentence.  The third and fourth issues were
addressed by us and found to be without merit.   None of the
issues raised by Mabry has merit.  Mabry waived his right to
challenge his sentence in a collateral proceeding, including by
way of a section 2255 motion and there were no errors committed
by this court which rise to the level of a miscarriage of justice
which would entitle Mabry to pursue an appeal or collateral
relief. See United States v. Khattak, 273 F.3d 557 (3d Cir.
2001)("There may be an unusual circumstance where an error
amounting to a miscarriage of justice may invalidate the
waiver.").   In the present case, we discern no errors whatsoever
in the conviction or sentence imposed.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Mabry's motion to vacate, set aside, or correct sentence (Doc. 118) filed on May 11, 2006, pursuant of 28 U.S.C. § 2255 is denied.

2.  Any appeal from this order will be deemed lacking probable cause, i.e., a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

3.  Any appeal from this order will be deemed frivolous and not taken in good faith.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs