IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MABRY, | : | |
|     Petitioner | : | Criminal Action No. 4:04-cr-00120 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM ORDER

Presently pending before the Court is Petitioner James Mabry's motion for "Independent Action Pursuant to Rule 60(d)(1) and (3) of Federal Rules of Civil Procedure Saving Clause Seeking Vacation of Conviction." (Doc. No. 161.) For the reasons stated more fully herein, the Court will dismiss the motion for want of subject matter jurisdiction.

### I.    PROCEDURAL HISTORY

On May 3, 2005, Petitioner pleaded guilty to one count of a superseding indictment – possession with intent to distribute more than five grams of cocaine base – in return for the Government's dismissal of the remaining charges. (Doc. Nos. 90, 94-97.) Petitioner was sentenced to a 210-month term of imprisonment to be followed by four years of supervised release. (Doc. No. 117.) On May 11, 2006, Petitioner filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 118.) On May 15, 2006, the late Judge Malcom Muir summarily denied the motion. (Doc. No. 122.) The United States Court of Appeals for the Third Circuit, after granting Petitioner a certificate of appealability, affirmed Judge Muir's order on July 28, 2008. (Doc. No. 134-2.) Petitioner filed the instant pro se Rule 60(d) motion on August 20, 2012. (Doc. No. 161.)

## II.     DISCUSSION

The instant motion is raised pursuant to Rule 60(d)(1) and 60(d)(3) of the Federal Rules of Civil Procedure. Rule 60(d)(1) permits the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). An independent action under Rule 60(d) "should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). Moreover, a Rule 60(d) motion is subject to the same successive petition restrictions that apply to Rule 60(b) motions. See Sharpe v. United States, No. 02-cr-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010); United States v. Franklin, No. 99-cr-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008). The Third Circuit has advised that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996:

> A second or successive [habeas] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because the instant motion does not challenge the procedures surrounding the disposition

of Petitioner's original habeas petition – but, rather, challenges the circumstances underlying Petitioner's conviction – the motion is a successive Section 2255 petition that this Court lacks jurisdiction to consider. Pridgen, 380 F.3d at 727. Petitioner, therefore, must seek permission from the Third Circuit to file the motion.

**ACCORDINGLY**, on this 30th day of August 2012, upon consideration of Petitioner James Mabry's Rule 60(d) motion (Doc. No. 161), **IT IS HEREBY ORDERED THAT** the motion is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255.

      S/ Yvette Kane
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania